SAVOY, Judge.
This is a workmen’s compensation suit filed by plaintiff against Acadian Pulpwood Corporation and its insurer, Tri-State Insurance Company. Defendants answered the suit alleging that on the date of the accident, plaintiff was an employee of Adam Semien or Joseph Semien, and that he was not in the employment of Acadian Pulpwood Corporation. Defendants further alleged that Acadian purchased wood from the Semiens, and that a vendor-vendee relationship existed between them and Acadian. After a trial on the merits, the district judge held as contended by Acadian and rendered judgment rejecting plaintiff’s demand and dismissing his suit. Plaintiff has appealed.
The trial court found that at the time of the accident, plaintiff was cutting wood for Adam Semien, who, at various times, sold wood to Acadian; that Acadian did not negotiate with the landowner; that Raymond Hienen, owner of Timber Hauling, Inc., told Adam Semien where he could secure the pulpwood.
From a reading of the record, we agree with the finding of fact made by the district judge. Additionally, Acadian did not withhold insurance premiums, withholding taxes, or social security from any payments made to Semien. The only item withheld was for stumpage for the landowners. These additional facts fortify the position of the district judge. Hadnot v. Southern Casualty Insurance Company, 166 So.2d 15 (La.App. 3 Cir. 1964).
Appellant also alleges that compensation payments were made to him by the insurer of Acadian, and that he was admitted to the hospital only after approval by Mr. Guillory, an official of Acadian. The payment of compensation or the furnishing of medical services does not amount to an admission of liability by Acadian. LSA-R.S. 23:1204.
We conclude as did the trial judge that there was no employer-employee relationship between plaintiff and Acadian.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.