282 So.2d 453 (1973)
Anthony BELLARD, Plaintiff-Appellant-Relator,
v.
TRI-STATE INSURANCE COMPANY et al., Defendants-Appellees-Respondents.
No. 52847.
Supreme Court of Louisiana.
August 20, 1973.
Rehearing Denied September 24, 1973.
*454 Edwards, Stefanski & Barousse, Homer Ed Barousse, Jr., Crowley, for plaintiff-appellant.
Guillory, McGee & Mayeux, Aaran Frank McGee, Eunice, for defendant-appellee.
TATE, Justice.
The plaintiff Bellard sues for workmen's compensation benefits. Made defendants are the Acadian Pulpwood Corporation and its insurer, Tri-State Insurance Company. The court of appeal, one judge dissenting, affirmed the trial court's dismissal of the suit on the ground that no employer-employee relationship existed between Bellard and Acadian. 265 So.2d 808 (La. App.3d Cir.1972).
We granted certiorari, 263 La. 9, 266 So.2d 713 (1972), primarily because the intermediate court had failed to consider Acadian's liability for compensation benefits as a principal which employed Bellard's immediate employer (Semien). A principal is liable in compensation to an employee of a contractor engaged to perform work which is part of the principal's trade, business, or occupation. La.R.S. 23:1061.
The plaintiff Bellard was injured while cutting pulpwood for Adam Semien, his immediate employer. Semien was cutting wood, with his own equipment and crew (including Bellard), on the Deo Guidry tract. He was cutting it to deliver it to Acadian's pulpwood yard.
The defendant Acadian Pulpwood Corporation is engaged in the business of securing pulpwood to ship off to large purchasers. It ran a pulpwood yard in Eunice.
Acadian's sole stockholder testified as follows: The company never bought timber itself for processing into pulpwood. It merely purchased pulpwood brought in by "producers" or "haulers", such as Semien (the plaintiff Bellard's immediate employer). They themselves allegedly made arrangements to secure their own timber to cut into pulpwood and to haul for sale to pulpwood yards, such as that operated by Acadian.
However, this stockholder took no part himself in the management of the company.
*455 He was only generally familiar with its operations.
The yard employee of the company testified, from recollection, that the timber from the Deo Guidry tract had been purchased by Waltrip and that "Acadian Pulpwood was cutting and hauling it." Semien had been directed to the Guidry tract by Raymond Heinen, the general manager of Acadian, who was the sole person who gave him permission to enter the tract and cut the timber off it.
Semien had been cutting and hauling wood for Acadian for four or five years. He always went to cut on tracts as pointed out by Heinen, and he always brought all wood produced to Acadian. He testified that he purchased his truck and saw on credit from Acadian and would pay for them by deductions from the proceeds of the pulpwood delivered to Acadian.
As the dissenting judge in the court of appeal correctly stated:
"The plaintiff, Anthony Bellard, was a laborer working for a one-truck producer named Adam Semien. Semien is uneducated and inarticulate, but his testimony shows clearly that he was an independent contractor under an agreement with Acadian. He did not own this timber and did not even know who did. All he knew was what he was told by Mr. Heinen, Acadian's General Manager. Mr. Heinen told him where to cut the wood, to haul it to Acadian's yard and he would be paid by the cord. Semien did exactly this. * * *
"Mr. Heinen, Acadian's manager, must have known who owned this timber. Yet defendant did not call him as a witness. * * *
"Plaintiff proved a principal-contractor relationship between Acadian and Semien. The evidence is uncontradicted that Heinen, Acadian's manager, showed Semien the timber and told him to cut and haul it to Acadian's yard at an agreed sum per cord for his services. Semien did exactly that. * * *"
We have consistently held that where, as here, a principal engaged in procuring timber products is actually paying for services in their processing, the person rendering the services is a contractor performing work which is part of the principal's business; so that employees of the contractor are entitled to compensation benefits from the principal, if injured as here while performing work in the principal's business. Hart v. Richardson, 272 So.2d 316 (La.Sup.Ct.1973); Stevens v. Mitchell, 234 La. 977, 102 So.2d 237 (1957); Jones v. Hennessy, 232 La. 786, 95 So.2d 312 (1957); Kline v. Dawson, 230 La. 901, 89 So.2d 385 (1956).
In this regard, compensation liability is not defeated because the transaction between the principal and the contractor includes incidents of a buyer-seller relationship. Hart v. Richardson, cited above. Further, in the absence of evidence clearly showing that the contractor was producing for the open market rather than primarily for the principal, a long-continuing relationship whereby the contractor primarily processes timber products for the principal, or one involving the furnishing by the principal to the contractor of the equipment to perform the work (albeit in the form of a credit sale), are indicia tending to prove that the contractor is employed in the principal's business while processing timber products. Vinzant v. L. L. Brewton Pulpwood Co., 239 La. 95, 118 So.2d 117 (1960); Jones v. Hennessy, cited above.
We conclude, therefore, that Acadian and its insurer Tri-State are responsible to Bellard for compensation benefits due because of the present accidental injury sustained while performing Acadian's work. The previous courts were in error in concluding to the contrary.
For the foregoing reasons, the judgments of the previous courts are reversed, *456 and this case is remanded to the Court of Appeal, Third Circuit, for it to determine the compensation benefits due, if any, by reason of the accidental injury sustained by the plaintiff. The costs of this application to this court are assessed against the defendants-appellees; all other costs are to be assessed upon final termination of these proceedings.
Reversed and remanded.