CHIASSON, Judge.
This workmen’s compensation suit involves the determination of who is the plaintiff’s statutory employer and any rights the statutory employer may have against third parties. Plaintiff-appellee, Charlie Godfrey, sued only John L. Vaccaro and Associates and Rockwood Insurance Company, its workmen’s compensation insurer, for workmen’s compensation benefits contending that Vaccaro was his statutory employer. Both defendants third partied Louisiana Southern Forest Products, Inc. (Southern), its workmen’s compensation insurer, Southern Casualty Insurance Company, and Robert Willis d/b/a B & W Logging Company. The trial court awarded judgment in favor of the plaintiff and against Vaccaro and Rockwood for total and permanent disability, medical expenses, 12% penalties and attorney’s fees in the amount of $4,500. The court dismissed the defendants’ third party demands.
Plaintiff was an employee of Robert Willis d/b/a B & W Logging, a small logging firm, as a truck driver. The accident occurred on August 22, 1979, when a log fell off of a truck and struck him, rendering him a quadriplegic. There is no dispute that the plaintiff was in the course and scope of his employment with B & W, La. R.S. 23:1031, and that his injuries have rendered him totally and permanently disabled under the workmen’s compensation statute. La.R.S. 23:1221(3).
The dispute arises as to who is responsible for paying plaintiff's workmen's compensation benefits and medical expenses.
As mentioned above, plaintiff Godfrey was employed by B & W as a truck driver. B & W was under contract with Southern to cut and remove all timber from a tract of land referred to as the Delano Plantation in St. Landry Parish. Southern had a timber deed with the owners of Delano Plantation to cut and remove all timber. In effect, Southern had bought all of the timber on this tract and agreed to remove it.
Southern was described by its president and majority stockholder as a manufacturing wholesaler of lumber. It has a sawmill and only handled saw logs. It did not directly use pulpwood. In this particular instance, Southern had purchased both the pulpwood and saw logs. Southern had instructed B & W to enter the tract and cut all timber. B & W was also instructed by Southern to deliver all saw logs to Southern’s sawmill near Port Barre. As to the pulpwood, Southern had instructed B & W to deliver it to Georgia Pacific in accordance with an arrangement it had with Buffalo Wood, a broker for Georgia Pacific.
Georgia Pacific operated a chip mill for pulpwood near Simmsport, Louisiana, but did not buy pulpwood directly from producers or contractors but only from three or four brokers. All of the pulpwood harvested from the Delano Plantation was taken directly to this mill by B & W as per the instructions of Southern.
In midsummer, Georgia Pacific put a quota on the amount of pulpwood Buffalo Wood could deliver to it. Buffalo Wood, in turn, terminated buying pulpwood from Southern. Southern then contacted John Vaccaro of John Vaccaro and Associates, since this defendant was also a broker for Georgia Pacific.
Southern and Vaccaro entered into an oral agreement in which Southern would sell pulpwood through Vaccaro to Georgia Pacific. Southern initiated this agreement which had no effect on its prior contract with B & W. Vaccaro did nothing in regard to the operation of the cutting, the determining of what wood was pulpwood, the hauling or delivering of the pulpwood. Its name was only used to allow Southern to bring the pulpwood to Georgia Pacific. The agreement is in dispute here and relevant to the ultimate determination of this case.
The agreement was to the effect that Vaccaro would accept Southern’s pulpwood *197 delivered to it by B & W. The price for such pulpwood was established as follows: the owner of the Plantation would receive $4.00 per cord for stumpage; the price paid to deliver the pulpwood was set by determining what zone the pulpwood came from; it was found that this pulpwood came from zone three, and; the producer (B & W) was thus entitled to the sum of $26.23 for delivering the pulpwood. In furtherance of the agreement, Vaccaro agreed that he would deduct $2.37 for workmen’s compensation premiums and pay Southern an additional dollar since B & W was Southern’s producer. Vaccaro would pay weekly to Southern the amount of $30.23 per cord delivered to Georgia Pacific plus an additional dollar per cord. Southern, in turn, would pay $4.00 to the stumpage owner and $26.23 to B & W.
Vaccaro stated at trial that he had numerous producers for whom he bought instance. If a producer did not have a Certificate of Insurance filed with Vaccaro, then Vaccaro would deduct an amount for insurance from the price per cord. Since no Certificate of Insurance was issued to him by B & W, he deducted $2.37 per cord for insurance on his payments to Southern.
Southern contends Vaccaro agreed to be liable for workmen’s compensation for the entire operation of cutting and hauling the pulpwood and Southern would be liable for the saw log operation. With this arrangement, a great deal of testimony at trial was devoted to whether the log that struck the plaintiff was a saw log or pulpwood. Plaintiff in a statement given a month after the accident stated that the log was a saw log. He changed his story in his deposition contending that it was pulpwood that struck him. In addition, the log was seen by the court and described by other witnesses as pulpwood. We find that the trial court was correct in finding the log was a pulpwood.
The trial court found that Vaccaro and Associates was the statutory employer of Godfrey since B & W and Southern were dealing exclusively with Vaccaro for puip-wood, citing Bellard v. Tri-State Insurance Company, 282 So.2d 453 (La.1973) and Woodard v. Southern Casualty Insurance Co., 305 So.2d 528 (La.1974). In addition, the court found that Vaccaro took out insurance by deducting a certain amount per cord and that such a factor can be used in determining whether an employment relationship exists, although it cannot be the sole factor. Kline v. Dawson, 230 La. 901, 89 So.2d 385 (1956).
On the third party demand, the trial court found that although a principal may have a right of indemnity against a subcontractor, this right may be negated. Andrews v. Spearsville Timber Co., Inc., 343 So.2d 1008 (La.1977). It found such a negation of the right in this case. It found that in the agreement between Southern and Vaccaro, Vaccaro was deducting a certain amount to buy insurance for any injury that might occur in the course of the pulpwood operation.
We affirm the judgment of the trial court finding Vaccaro the statutory employer of Charlie Godfrey. The basis for this affirmation is that we find Godfrey a statutory employee of Southern and that Southern had a vendor-vendee relationship with Vaccaro for the cutting and delivery of products which were part of the regular trade, business and occupation of Vaccaro.
Although never raised as a direct issue in this case, Southern cannot deny the fact that it was the statutory employer of God-frey since Southern contracted with B & W, Godfrey’s immediate employer, to cut and remove all timber from the Delano Plantation. This work was a part of the regular trade, business, or occupation of Southern. La.R.S. 23:1061.
Under the Supreme Court’s rationale in Bellard and Woodard supra, recovery is allowed to an injured employee when that injured employee’s employer sells pulpwood to a pulpwood broker. The courts have looked past the vendee-vendor relationship of the employer and broker and found liability. This is the case even though the broker had no ownership rights in the timber or control over the operation of the employer, but simply bought the pulpwood from the employer.
*198 With this expansive reading of Section 1061, we hold that Vaccaro is liable for the injuries sustained by Godfrey. Godfrey is being considered a statutory employee of Southern with Southern having a vendor-vendee relationship with Vaccaro. Vaccaro is in the business of procuring pulpwood and has an exclusive relationship with Southern to handle all the pulpwood off of the Delano Plantation. (See also Welch v. Crown Zellerbach Corp., 393 So.2d 270 (La.App. 1st Cir. 1980), for a similar employee-employer relationship).
We also agree with the trial court’s dismissal of defendants’ third party demands against Southern since they have negated the right to indemnity and contribution by agreeing to be responsible for workmen’s compensation coverages as to the pulpwood operation.
For the reasons assigned, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.