445 So.2d 1270 (1984)
Donald GUILLOT, Plaintiff-Appellant,
v.
Landry P. GUILLOT, et al., Defendants-Appellees.
No. 83-267.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
*1271 John T. Bennett, Marksville, for plaintiff-appellant.
Maxwell Bordelon, Jr., David Lafargue, Darrel Ryland, Marksville, for defendant-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
GUIDRY, Judge.
Donald Guillot filed this suit seeking worker's compensation benefits, penalties and attorney's fees as the result of an accident which occurred on March 2, 1982, while plaintiff was driving a truck, during the course and scope of his employment with Landry Guillot. Originally named as defendants were Landry Guillot, plaintiff's regular employer; Sam Denova; and, Haynes Brothers Lumber Company (hereafter Haynes Brothers), plaintiff's alleged statutory employer. Landry Guillot and Sam Denova filed third party demands for indemnity against Bradford National Life Insurance Company (hereafter Bradford National), as the alleged worker's compensation insurer of Haynes Brothers, and against Haynes Brothers on the basis of the latter's alleged agreement to procure worker's compensation insurance on their behalf. Additionally, Haynes Brothers filed third party demands against Bradford National and National Savings Life Insurance Company (hereafter National Savings) for indemnity and for penalties and attorney's fees, on the basis of employees group accident policies allegedly issued, and in effect, covering Donald Guillot's injuries. Haynes Brothers also filed a third party demand against Landry Guillot for indemnity as the contractor or regular employer of Donald Guillot pursuant to LSA-R.S. 23:1061. Prior to trial on the merits, Haynes Brothers settled its claim against National Savings and this claim was thereafter dismissed.
After trial on the merits, the trial judge rendered judgment on the main demand in favor of plaintiff, Donald Guillot, and against Landry Guillot, Curnest Guillot[1] and Haynes Brothers in solido, awarding temporary total disability at the rate of $160.00 per week from March 2, 1982 until October 14, 1982, and "partial and temporary disability" at the rate of $48.00 per week from October 14, 1982 until October 14, 1983, and all medical and travel expenses. The trial judge denied plaintiff's demands for penalties and attorney's fees. Pursuant to the stipulation of all parties to the suit, the trial judge dismissed all claims against Sam Denova. On the incidental demands, the trial judge granted judgment in favor of Landry and Curnest Guillot[2] and against Haynes Brothers for indemnity and denied all other third party demands.
*1272 Appeals were taken by Donald Guillot and by Curnest and Landry Guillot. The other parties neither appealed nor answered the appeals.
Donald Guillot appeals the judgment of the trial court urging error in the trial court's failure to find him totally and permanently disabled and entitled to penalties and attorney's fees. Curnest and Landry Guillot appeal the judgment of the trial court insofar as it determines that the plaintiff is entitled to any worker's compensation benefits and insofar as it dismisses their third party demand against Bradford National. The issues before this court on appeal are as follows:
(1) Did the trial court err in its award of worker's compensation benefits to the plaintiff?
(2) Did the trial judge err in failing to award plaintiff penalties and attorney's fees?
(3) Did the trial court err in denying the third party demand of Landry and Curnest Guillot against Bradford National?

FACTS
On November 13, 1981, pursuant to an application executed by Vicky Gauthier on behalf of Haynes Brothers and payment of $1,198.35 as premium, Bradford National issued an Employer's Blanket Accident Group policy to Haynes Brothers. The policy was issued for a term of one month expiring December 13, 1981. Haynes Brothers made a second premium payment in the amount of $1,198.05 on December 16, 1981, which was within the 10 day grace period provided for in the policy thereby validly renewing the policy for a term of one month beginning December 13, 1981. The third and last premium payment was made on January 11, 1982 in the amount of $1,198.05., which payment renewed the policy for an additional one month period beginning January 13, 1982. On February 22, 1982, pursuant to an application executed by Haynes Brothers, National Savings issued a policy to Haynes Brothers providing the same type of coverage as the Bradford National policy.
On March 2, 1982, Donald Guillot, the plaintiff, was driving a truck in the course and scope of his employment with Landry and Curnest Guillot, hauling logs for Haynes Brothers. He was injured when the left front tire blew out on the truck he was driving causing him to lose control of the vehicle. The truck went into a ditch on the opposite side of the road, hit some trees and then flipped over. The cab of the truck was crushed by the trees and by the logs. Mr. Guillot's left leg was pinned in the truck and he had to be pulled out. He was unable to stand due to severe pain in his left hip and right side. The plaintiff was taken home. The following day, March 3, 1982, suffering from severe pain in his left hip, right side and lower back, he attempted to seek medical attention at the hospital, but was turned away because of lack of verification of insurance. He returned to the emergency room on March 4, 1982, where he was seen by Dr. Bryan C. McCann. The diagnosis was low back strain, multiple contusions and abrasions. Pain and anti-inflamatory medications were administered and prescribed. He returned again on March 5, 1982 complaining of severe pain. On March 8, 1982, he was hospitalized and placed in pelvic traction. Plaintiff was discharged five days later. The diagnosis in the hospital discharge summary was again low back strain; prognosis was good. The plaintiff was seen on three more occasions in March by Dr. McCann and treated conservatively with pain medication and on March 22, 1982, he was referred to an orthopaedist, Dr. Ray J. Beurlot. He was seen by Dr. Beurlot on three occasions, March 29, April 12 and April 23, 1982. A CAT scan of the low back, ordered by Dr. Beurlot on March 29, revealed no atrophy of either thigh. Dr. Beurlot also ordered conservative treatment and an exercise program. Mr. Guillot was seen by Dr. McCann again on May 6, 1982 and on May 31, 1982, he was seen by another orthopaedist, Dr. T.E. Banks. Dr. Banks diagnosed possible pathology in the right hip and a possible disc lesion between L4 and L5 with nerve root pressure on the right and recommended hospitalization *1273 with a bone scan and possible myelography. On June 1, 1982, Mr. Guillot sustained a minor accident. While sitting in an old wooden chair at his brother's house, the chair broke and he fell sitting. He returned to Dr. McCann, again complaining of pain. He continued to see Dr. McCann to the date of trial and continues to complain of pain especially in the lower back and right hip. He was last seen by Dr. Banks just prior to trial on October 6, 1982, which resulted in the same diagnosis and recommendations for hospitalization for bone scan and myelography.
Defendants, Haynes Brothers and the Guillots, were promptly notified by certified mail with return receipt requested of plaintiff's demand for payment of worker's compensation benefits. In addition, both received an accident claim form completed by Dr. McCann stating that plaintiff was permanently disabled for an undetermined period, and numerous periodic requests for payment of medical bills. Defendants have continuously refused to pay based on their contention that the other is liable.

TRIAL JUDGE'S AWARD OF WORKER'S COMPENSATION BENEFITS
Landry and Curnest Guillot contest the trial judge's award of benefits contending that the plaintiff has failed to show by a preponderance of the evidence that he is disabled.
Plaintiff presented the only evidence at trial regarding his disability which consisted of his own testimony, the testimony of Dr. McCann and a medical report from Dr. Banks. Dr. McCann related the plaintiff's complaints and his own findings to the accident and opined that he considered plaintiff disabled at the time of trial and agreed with Dr. Banks' recommendation for further testing. The plaintiff testified that he has never done any kind of work other than heavy manual labor; his back has not improved any since the accident; and, he is presently unable to perform any kind of manual labor and has not worked since the accident. The above evidence which sufficiently established that plaintiff was disabled indefinitely was uncontradicted. In fact, Landry Guillot testified that he did not dispute the fact that plaintiff was disabled as a result of the accident. Accordingly, we find no manifest error in the trial judge's finding that plaintiff is disabled as a result of the accident.
In his written reasons for judgment, the trial judge noted the concurrence of the two treating physicians in the diagnosis of a possible ruptured disc and made the following findings of fact:
"The plaintiff was completely disabled from the date of the accident, March 2, 1982, until October 14, 1982 and remains partially disabled. Plaintiff is yet under treatment and on medication. Plaintiff remains disabled to some extent."
As mentioned at the outset of this opinion, the trial judge thereafter made the following award: $160.00 per week from the date of the accident, March 2, 1982, until October 14, 1982, and $48.00 per week for "partial and temporary disability" for an additional 52 weeks beginning October 14, 1982 (award based on 40 hour work week).
Plaintiff contends that this award constitutes error in that the worker's compensation act does not allow an award for "partial and temporary" disability. Plaintiff further contends that the trial judge manifestly erred in failing to find that plaintiff was disabled from the date of the accident through trial and will continue to be disabled for an indeterminate period of time and to award benefits for total and permanent disability. We agree.
The record reflects that October 14, 1982 is significant only as the date of plaintiff's last visit to Dr. McCann, one week before the trial date, October 22, 1982, at which time all of the evidence pertinent to the main demand and plaintiff's disability was adduced. The trial judge concluded that plaintiff was totally disabled only until that date even though the record contains no evidence indicating any change in the plaintiff's condition on that date. As noted by the trial judge, plaintiff was still under treatment at the time of trial and had not been released by his physician to return to work. In fact both physicians agreed that further hospitalization would be required. *1274 There is no evidence in the record which would suggest that plaintiff was not disabled at the time of trial. Rather, the preponderance of the medical and lay evidence supports the conclusion that plaintiff was totally disabled at the time of trial and the duration of such disability is uncertain. The trial court's conclusion to the contrary is manifestly erroneous. The proper award under such finding is for permanent total disability, reserving to the defendant the right to examine the plaintiff and revise the judgment after six months in the event the disability should terminate or lessen. Johnson v. Insurance Company of North America, 440 So.2d 1385 (La.App.3rd Cir. 1983); Husband v. Insurance Company of North America, 284 So.2d 787 (La.App. 4th Cir.1973); Levine v. Liberty Mutual Insurance Co., 305 So.2d 665 (La.App. 3rd Cir. 1974).
Accordingly, that portion of the judgment of the trial court will be amended so as to award plaintiff permanent total disability benefits at the rate fixed by the trial judge.

PENALTIES AND ATTORNEY'S FEES
Plaintiff contends that the trial judge's denial of his claim for penalties and attorney's fees constitutes manifest error. In his written reasons for judgment, the trial judge failed to note reasons for the denial of this claim. The record reveals that plaintiff made timely demand for benefits and medical expenses on both his regular and statutory employers. As of the trial date, both had failed to make any payments for compensation or medical expenses, asserting as their only defense to payment the liability of the other. The evidence introduced at trial by both Haynes Brothers and Landry and Curnest Guillot pertained only to the issues of the incidental demands, i.e., the issue of liability vis a vis each other and failed to contradict any of the facts asserted by plaintiff's demand. We have carefully reviewed the record and are unable to find any legal excuse for defendants' failure to pay plaintiff compensation and medical expenses. The dispute between the statutory and regular employers as to which one owes compensation benefits is not a justifiable basis for withholding these benefits from the injured employee. See Fontenot v. Town of Kinder, 377 So.2d 554 (La.App. 3rd Cir.1979), writ denied, 379 So.2d 1102 (La.1980). Accordingly, we conclude that the trial judge's denial of this claim constitutes manifest error. We consider an award of $4,000.00 to be a reasonable fee for plaintiff's attorney's work at trial and on appeal.

THIRD PARTY DEMAND OF LANDRY AND CURNEST GUILLOT AGAINST BRADFORD NATIONAL
Landry and Curnest Guillot contend that the trial judge erroneously held that the policy of insurance issued by Bradford National to Haynes Brothers was not in effect on the date of the accident. In this respect, they argue that Bradford National failed to prove a valid cancellation of the policy pursuant to LSA-R.S. 22:636.
Bradford, on the other hand, argues that the issue of cancellation is not a relevant aspect of this cause where the policy expired by virtue of its own terms and was simply not renewed, relying on Arceneaux v. Broussard, 319 So.2d 846 (La.App. 1st Cir.1975).
Bradford National issued policy No. 48283590 to Haynes Brothers, on November 13, 1981, which provided in pertinent part as follows:
"Date of Issue 11-13-81 Initial Premium $1,198.05 First Renewal Date 12-13-81
. . . . .
This policy is issued in consideration of the application of the policy owner, a copy of which is attached hereto and made part hereof, and of the payment in advance of the initial premium stated above which maintains this policy in force from the date of issue hereof to the first renewal date on which date the insurance granted hereunder shall terminate unless the policy is renewed as herein provided. The policy may be renewed for like consecutive periods, but only with the consent of the company, by the payment in advance of the determined premium as indicated in the Premium *1275 Schedule for each renewal period. The Company's acceptance of each renewal premium shall constitute its consent to renew."
From the above pertinent portions of the policy, it is clear that the first premium paid on behalf of Haynes Brothers was for a one month period beginning on November 13, 1981. The second premium payment made by Haynes Brothers was received by Bradford National subsequent to the December 13, 1981 renewal date, however payment was received on December 16, 1981 within the 10 day grace period provided for in the policy, thereby validly renewing the policy on December 13, 1981 for a one month period.
The third premium payment made by Haynes Brothers prior to the premium due date of January 13, 1982 further renewed the policy for a one month period beginning January 13, 1982. No further payments were ever made to Bradford National. We therefore find that the policy lasped and terminated at 12:00 noon on February 13, 1982, in accordance with the above quoted terms. The policy was not cancelled and the provisions of LSA-R.S. 22:636 are inapplicable. The trial judge properly dismissed the Guillots' claim against Bradford National. Arceneaux v. Broussard, supra.
For the above and foregoing reasons, we amend the judgment of the trial court so as to award judgment in favor of Donald Guillot and against defendants, Landry Guillot, Curnest Guillot and Haynes Brothers Lumber Company, in solido, for workmen's compensation benefits at the rate of $160.00 per week beginning March 2, 1982 and extending during the period of his disability, together with all medical and travel expenses incurred by the plaintiff as a result of his injury, with interest on each past due payment at the legal rate from date due until paid; for penalties under the provisions of LSA-R.S. 23:1201.2; and, for attorney's fees in the amount of $4,000.00, all rights being reserved to the defendants to proceed under LSA-R.S. 23:1331.
The judgment of the trial court in all other respects is affirmed. Costs on appeal are assessed against Landry Guillot, Curnest Guillot and Haynes Brothers Lumber Company.
AMENDED IN PART; AFFIRMED IN PART; AND, RENDERED.
NOTES
[1] Although Curnest Guillot was not named as a party defendant in plaintiff's petition, at trial, counsel for plaintiff and counsel for Landry and Curnest Guillot stipulated that all of the pleadings filed on behalf of Landry Guillot would also be made effective for Curnest Guillot. Curnest Guillot does not raise as an issue on appeal the procedural propriety of the trial court's decree insofar as it casts him in judgment.
[2] It is unclear from the record whether Haynes Brothers was a party to the stipulation that all pleadings on behalf of Landry Guillot would be made effective for Curnest Guillot (see footnote 1), and whether such stipulation was meant to include the third party demand of Landry Guillot against Haynes Brothers. Nevertheless, we note that Haynes Brothers failed to appeal and that this portion of the judgment of the trial court in favor of Landry and Curnest Guillot against Haynes Brothers is final.