272 So.2d 316 (1973)
Robert James HART
v.
Dick RICHARDSON et al.
No. 52084.
Supreme Court of Louisiana.
January 15, 1973.
*317 Herman & Herman, Russ M. Herman, New Orleans, for plaintiff-applicant.
Ethel H. Cohen, New Orleans, for defendants-respondents.
DIXON, Justice.
This is a workman's compensation case. Plaintiff was seriously injured in a forest while loading pulpwood. There was a judgment for the plaintiff in the trial court which was reversed by the Court of Appeal.
After trial, in written reasons for judgment, the district judge found that the plaintiff was working for his father, an independent contractor, cutting wood under an arrangement with Dick Richardson in his capacity as a managing officer of Richardson's Wood Scales, Inc. The trial court further found that Employers Mutual Liability Insurance Company of Wisconsin had issued a policy of workmen's compensation insurance to Wood Scales, Inc., in *318 effect at the time of the accident, containing an endorsement which made employees of independent contractors employees of Wood Scales, Inc. under the terms of the policy. After finding plaintiff's earnings to be approximately $40.00 a week, the trial court rendered judgment in favor of plaintiff and against Wood Scales, Inc. and Employers Mutual in the amount of $26.00 a week for five hundred weeks.
In a brief opinion, the Court of Appeal reversed, concluding that the relationship between plaintiff's employer and defendant was that of seller and buyer, which did not impose liability on the defendants. 255 So.2d 435.
Dick Richardson had been in the pulpwood business all his life. Wood Scales, Inc. was incorporated in 1965; and, except for one instance, had sold pulpwood only to Crown Zellerbach since incorporation, and was its exclusive representative for pulpwood in Franklinton. Crown Zellerbach controlled the market for pulpwood in Washington Parish; the record does not disclose any other pulpwood consumer in Washington Parish. Richardson, who had known Lonnie Hart, a pulpwood hauler, all his life, testified: "I depend on these local pulpwood men to make a living hauling wood." Plaintiff Robert Hart is Lonnie Hart's son, and one of the men employed by Lonnie in cutting and hauling.
Richardson's method of doing business was as follows: Richardson would receive an order for wood from Crown Zellerbach, then would put out the word to a pulpwood hauler who could deliver the wood to Richardson's yard. The kind of wood needed would be specified, but Richardson never negotiated the price, which was apparently standard and well known among the haulers and timber owners, since Crown Zellerbach was the only market. When the hauler brought the wood to Richardson, he would pay the hauler, deducting stumpage, which he would remit to the timber owner, and deducting various sums to be applied on the hauler's indebtedness for tires, saws, parts and anything else Richardson might have sold to the hauler. Also deducted was a charge for the use of a loader and a sum for social security and unemployment taxes. If the hauler was obtaining wood from certain landowners who required liability insurance for the truck, there was a deduction for insurance.
Lonnie had hauled wood for only Richardson in the two years prior to the accident, with two possible exceptions. In the two months prior to the middle of September, 1969, the date of the accident, Lonnie's work had been regular. In the year prior to the accident, Lonnie had been paid between $3000.00 and $3500.00 for delivering 200-300 cords of wood to Richardson.
When the accident occurred, Robert was loading pulpwood he had cut on the land of his sister-in-law. Lonnie did not negotiate for the timber. There was apparently a tacit agreement of long standing that Lonnie would, some day, take some wood from his daughter-in-law's land, as he had on another occasion. She knew what he was doing, Lonnie said, and what her payment would be.
Richardson testified that there was a buyer's market for wood at this time. Years before the accident he had to "beat the bushes" to find wood, causing him to negotiate with the owners. In 1969 he did not negotiate with owners, leaving it to the hauler to arrange for obtaining the wood, paying for it through stumpage as directed by the hauler.
Richardson also operated, in his individual capacity, a business called Richardson Saw Sales, which he described as a retail outlet for a certain brand of chain saws. In the course of buying wood in the year prior to the accident, Richardson dealt with 40-60 individuals, usually, he said, taking wood from haulers who bought tools from him also.
The workmen's compensation act is not designed to impose liability upon those *319 whose only relationship with an injured person is that of purchaser or vendee. The statute is designed to cover employees. A person rendering service for another in a hazardous occupation is presumed to be an employee. R.S. 23:1044. Independent contractors are expressly covered if a substantial part of their work in carrying out the terms of the contract is spent in manual labor. R.S. 23:1021(6). A principal who contracts with another to do work which is part of the trade or business of the principal is also liable to the employees of the independent contractor for workmen's compensation. R.S. 23:1061. "Independent Contractor" is one "who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to the results of his work only, and not as to the means...." R.S. 23:1021(6).
There is no reference in the act to an exclusion from coverage because there exist elements of a vendor-vendee relationship between the injured workman and the one sought to be held as an employer. If all the other elements are present required by the act before there is coverage (such as hazardous employment in rendering service for another, or manual labor for a specified recompense for a specified result, or employment by a contractor undertaking work which is part of the trade, business or occupation of the principal) and the injured workman is performing a necessary and indispensable activity which is part of the business operation of the one sought to be held as "employer," the mere fact that elements of sale are present in the relationship will not defeat recovery.
Of course, if the only relationship between the injured workman and the "employer" is that of vendor and vendee, the act does not afford coverage. In Broussard v. Heebe's Bakery, Inc. et al., La., 268 So.2d 656, we recently found that the furnishing of pastries by one bakery to another formed a vendor-vendee relationship, and not that of principal-contractor. The element of manual labor by the "independent contractor" was not involved in the Broussard case.
This court has previously considered the vendor-vendee relationship in logging cases in: Taylor v. Employers Mutual Liability Insurance Company, 220 La. 995, 58 So.2d 206; Kline v. Dawson, 230 La. 901, 89 So. 2d 385; Jones v. Hennessy, 232 La. 786, 95 So.2d 312; Stevens v. Mitchell, 234 La. 977, 102 So.2d 237.
In Taylor v. Employers Mutual Liability Insurance Company, the deceased was engaged in the business of buying timber; he purchased standing timber from the landowner, harvested the timber and hauled it to the defendant's mill. The lumber company paid the stumpage price to the landowner, and the balance to the deceased. The lumber company was never obligated to accept delivery of timber from the deceased. The court found that title to the logs was in the deceased and remained in him until they were delivered to the lumber company; the deceased was under no obligation to sell the logs to the lumber company. Therefore, there was no contractual relationship prior to the sale; the relationship between the deceased and the lumber company was held to have been that of vendor-vendee.
In Kline v. Dawson, the plaintiff was employed as a tractor operator by his brother, who was in the logging business. The workmen's compensation was sought from a lumber company on the theory that the lumber company hired plaintiff's brother to haul logs which the lumber company had purchased from a landowner. The evidence convinced the court that Kline was employed by the lumber company to haul logs, and that the only vendor-vendee relationship was between the landowner and the logging contractor.
In Jones v. Hennessy, the plaintiff was injured in a crosstie cutting operation. The injured plaintiff was held to be an employee of the contractor engaging in activities *320 necessary and incidental to the business of the defendant, and not defendant's vendor. The actual employment arrangement was not very precise; the plaintiff was actually using defendant's truck and tools at the time of the accident.
Stevens v. Mitchell arose after the death of the employee of a logger, Mitchell. Mitchell apparently acted as an intermediary between the landowner and the lumber company. This court held that Mitchell was a contractor; that the vendor-vendee relationship did not exist between Mitchell and the lumber company; and that consequently Mitchell's employee Stevens was entitled to recover workman's compensation from the lumber company and its insurer.
Each case from this court concerning the vendor-vendee relationship has been carefully concerned with the evidence surrounding the relationship between the injured workman and the defendant. If that relationship has been one clearly not intended to be covered by the act, no coverage is provided. If, however, the workman is an independent contractor doing manual labor, or an employee of a contractor doing work which is part of the principal's business, or an employee of the defendant, this court has held that the act provides coverage, if the other legal requirements are met. We have never held that vendor-vendee and principal-contractor are mutually exclusive relationships.
In this case we find Robert Hart to have been the employee of his father, Lonnie Hart, an independent contractor serving Wood Scales, Inc., doing work which is an essential part of Wood Scales business.
Defendant Employers Mutual had issued a workmen's compensation policy to Wood Scales, Inc. The policy schedules classify the operations of Wood Scales, Inc. employees as "logging or lumberingpulpwood exclusivelyincluding transportation of logs to mill; construction, operation, maintenance or extension of logging roads or logging railroads; drivers ..."
The policy contains an "independent contractor's" endorsement as follows:
"Logging and LumberingIndependent Contractors Louisiana
"It is agreed that independent contractors, subcontractors or their employees performing logging, lumbering, sawmilling and related operations for this insured shall be deemed to be employees within the meaning of this policy, subject otherwise to all the provisions of such workmen's compensation law.
"It is further agreed that this endorsement shall not apply to any independent contractor or subcontractor who has provided workmen's compensation insurance or has qualified for self-insurance under the provisions of such workmen's compensation law, or to his employees."
Therefore, defendant Employers Mutual is liable to plaintiff to the same extent as Wood Scales, Inc.
We agree with the district judge, who found plaintiff totally and permanently disabled:
"At the time of the accident the claimant was earning approximately $40.00 per week as his share of the money received by the producer, which entitles him to receive compensation in the amount of $26.00 per week. The claimant testified that he had attempted to go back to work in the pulpwood industry but had difficulty in handling a saw and with his driving. In an industry which is extremely hazardous to begin with since it involves the use of power saws and other power equipment, the loss of the substantial use of the right hand for a right-handed person involving manual labor to the extent that the pulpwood industry does, the court must find that the claimant suffered total permanent disability to do the work he had done prior to this accident."
*321 The judgment of the Court of Appeal is reversed, and there is now judgment reinstating the judgment of the district court, granting plaintiff compensation for total and permanent disability against defendants, Wood Scales, Inc. and Employers Mutual Liability Insurance Company of Wisconsin, plus medical expenses, interest and all costs.