438 So.2d 1119 (1983)
Freddie Lee WILSON, Plaintiff-Appellant,
v.
L.C. JACOBS, et al., Defendants-Appellees.
No. 15626-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
Rehearing Denied October 20, 1983.
Writs Denied December 9, 1983.
*1120 Brittain & Williams by Joe Payne Williams, Natchitoches, for plaintiff-appellant.
Culpepper, Teat & Caldwell by Bobby L. Culpepper, Jonesboro, for Mrs. E.L. Mobley, Bruce Allen Pulpwood, and Southern Cas. Ins. Co.
D.G. Brunson, Jonesboro, for James Lowe, et ux.
Before MARVIN, JASPER E. JONES, and FRED W. JONES, JJ.
*1121 JASPER E. JONES, Judge.
Freddie Lee Wilson, the plaintiff in this action for workers' compensation benefits, medical expenses, penalties, interest and attorney's fees, appeals a judgment, rendered after a trial on the merits, rejecting his demands against James Lowe, d/b/a Lowe Manufacturing, Allen Pulpwood, Inc., Southern Casualty Insurance Company and Mrs. E.L. Mobley. We affirm in part and reverse in part and amend to award plaintiff medical benefits and weekly compensation from Allen Pulpwood and Southern.
The following facts were stipulated before trial. Freddie Lee Wilson was the direct employee of L.C. Jacobs on August 19, 1980. On that date, while cutting timber on a tract owned by defendant Mobley, Wilson was serious injured by a falling tree. Due to those injuries Freddie Lee Wilson is totally and permanently disabled. It was also stipulated that Allen Pulpwood was insured against claims for workers' compensation benefits by Southern Casualty.
This appeal poses the following primary issues:
1) what type of tree injured the plaintiff;
2) was Wilson a statutory employee of either Lowe or Allen Pulpwood; and
3) was Wilson a statutory employee of Mobley.
Issue # 1
Wilson, who had worked for Jacobs as a cutter for about a year, was injured in the following manner. He was cutting down a tree with a gasoline chain saw when it ran out of gas and became stuck in the tree. Wilson, with the help of Jacobs, removed the saw from the tree and went to the truck, parked nearby, to refuel his saw. While he was doing so, a gust of wind toppled the partially sawed tree and it struck him. Jacobs obtained assistance from three other men who were working in the area and together they freed Wilson from the fallen tree and Jacobs then drove him to a hospital.
The type of tree which injured Wilson is important because of Jacobs' relationship with defendants Allen Pulpwood and Lowe. Jacobs sold all the pine and some of the hardwood he produced to Allen Pulpwood and he sold the remaining hardwood he produced to Lowe. Thus, the type of tree involved determines which of the two defendants might have been plaintiff's statutory employer.
The testimony on this issue was conflicting. Wilson and Jacobs testified that the tree was a pine but the trial judge found their credibility "unacceptable" and further found that the tree was a hardwood. The crux of this issue is whether the trial judge's determination as to the credibility of Wilson and Jacobs was proper.
An appellate court cannot disturb the trial judge's reasonable evaluations of credibility and reasonable inferences of fact. Pierre v. Landry, 341 So.2d 891 (La. 1977). The trial judge's findings as to the credibility of witnesses and his findings of fact cannot be disturbed unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Steib v. Schwegmann Bros. Giant Supermarkets, 396 So.2d 464 (La.App. 4th Cir.1981).
Wilson and Jacobs were the only witnesses to the accident. Their testimony was contradicted by that of Luther Walker, Mobley's land manager. The trial judge's written reasons for judgment do not refer to any basis for his findings of credibility but apparently he preferred the testimony of Walker and found Wilson and Jacobs incredible because their testimony conflicted with his.
Wilson stated that the tree was a pine. However, his testimony is rambling and confused. He admitted that his memory had been damages by his head injuries.
Jacobs also testified that the tree which fell on Wilson was a pine. Jacobs is the only unimpaired witness who actually observed the accident. His testimony as to the number of loads of pine produced from the Mobley tract is contradicted slightly by the testimony of Bruce Allen, owner of Allen Pulpwood. Though Jacobs was a defendant in this action his interest in it at *1122 the time of trial was minimal as the judgment by default against him was already final.
Walker was not present when this accident occurred. He never went to the exact site of the accident and he admitted at trial he had no personal knowledge of the accident.
However, Walker testified at trial that the tree which injured Wilson was not a pine because no pines were cut from the Mobley tract until after the date upon which Wilson was injured. When deposed prior to trial Walker testified that the tree which injured Wilson was not a pine because all pines which were cut from the Mobley tract were cut before the date upon which Wilson was injured. Finally, we note that Walker is the father-in-law of counsel for Mobley, Allen Pulpwood and Southern Casualty.
The three other men who were also working on the Mobley tract on the day of the accident also testified at trial. W.D. Daniel, Obie Blankenship and Nobie Blankenship arrived on the scene shortly after the accident when summoned by Jacobs. Daniel and Obie Blankenship testified that there was both a pine and a gum (hardwood) top on Wilson. Nobie Blankenship recalled only hardwood limbs on Wilson.
While we owe great deference to the trial judge's conclusions as to credibility and facts, we are not required to accept his unreasoned and unreasonable findings as to either. Walker had no knowledge of the facts of the accident and the sincerity of his conclusion that it was not a pine tree that injured Wilson is placed in grave doubt by his totally inconsistent testimony at deposition and trial and his relationship to the interests of Allen Pulpwood and Southern Casualty. The testimony of Jacobs is based on personal knowledge and is corroborated by that of Obie Blankenship, Daniel and Wilson.
We hold that the trial judge was clearly wrong in accepting the testimony of a witness who had no personal knowledge and who had given totally inconsistent sworn testimony over the cogent and corroborated testimony of a witness who actually observed the accident. The trial judge's conclusion that the tree which injured Wilson was a hardwood is not supported by substantial evidence and is clearly wrong. We find that the tree involved was a pine.
Issue # 2
As we have determined that the tree which injured Freddie Wilson was a pine, our inquiry is now whether he was a statutory employee of Allen Pulpwood under R.S. 23:1061. Allen Pulpwood contends that its only relationship with Jacobs, Wilson's direct employer, was buyer-seller and that, as such, it is not liable for compensation benefits to Jacobs' employees. Wilson argues that the relationship between Allen Pulpwood and Jacobs was one of principal-contractor and that, therefore, he is a statutory employee of Allen Pulpwood.
We have reviewed the numerous authorities cited by the parties on this issue and find the controlling principles to be those set out by our supreme court in Hart v. Richardson, 272 So.2d 316 (La.1973), Bellard v. Tri-State Insurance Company, 282 So.2d 453 (La.1973) and Woodard v. Southern Casualty Insurance Co., 305 So.2d 528 (La. 1974). See Malone and Johnson, Workers' Compensation § 123 for a full discussion of the evolution of the law on the issue of buyer-seller relationships.
A party whose only relationship to the injured worker is that of buyer or vendee of the product he produces is not liable to him for workers' compensation benefits, however, if the requirements for coverage are present the mere fact that the relationship also contains the elements of a sale will not defeat recovery. Hart v. Richardson, supra.
In a continuing timber producing arrangement the determinative issue is whether the producer who cuts, hauls and delivers the timber to the dealer is processing the timber for the open market or is instead doing so on behalf of the dealer as *1123 part of the latter's trade, business or occupation. Woodard v. Southern Casualty Insurance Co., supra.
Absent evidence clearly showing that the contractor was producing for the open market rather than primarily for the principal, a long-continuing relationship whereby the contractor processes timber products primarily for the principal, or a relationship where the principal provides equipment, even in the form of a credit sale, to the contractor, are indicia that the contractor is employed in the principal's business while processing timber products. Bellard v. Tri-State Insurance Company, supra.
In the instant case Jacobs produced pine pulpwood exclusively for Allen Pulpwood from February, 1980, through October, 1980. The tree which injured Wilson was hauled to Allen Pulpwood. Further, Allen Pulpwood provided Jacobs with chain saw parts and made loans and advances to him. The admitted purpose of these practices was to insure that Jacobs would continue his relationship with Allen Pulpwood.
These facts show that the relationship between Allen Pulpwood and Jacobs was not simply one of buyer-seller but was instead one of principal-contractor and that Jacobs and his employee, Wilson, were engaged in activities which were part of the trade or business of Allen Pulpwood. Thus, Wilson is entitled to workers' compensation benefits from Allen Pulpwood and its insurer. R.S. 23:1061.
Issue # 3
We now consider whether the landowner, Mobley, is also liable to Wilson for workers' compensation benefits. Wilson contends that he was a statutory employee of Mobley.
Jacobs approached Walker, Mobley's manager, and inquired whether there was any timber he could buy. It was agreed that Jacobs could buy hardwood from the Mobley tract at a price of five dollars per cord and that he could buy a limited number of pine trees, those which were dead, damaged or undesirable, at a price of twelve dollars per cord.
Mobley did not control Jacobs' operations on her land. Her only continuing involvement was through Walker who checked to see that Jacobs cut only what had been agreed upon and by receipt of checks for the price of timber removed from her property as it was delivered to dealers by Jacobs. She supplied no equipment to Jacobs, she made no loans to him and she did not control who he hired to assist him.
This circuit has recognized that where a landowner who sells timber supervises and controls the activities of the buyer, including who is hired by the buyer, in cutting and removing the timber, the seller-landowner can be held liable to the buyer's employees for workers' compensation benefits. See Hatten v. Olin Mathieson Chemical Corp., 112 So.2d 135 (La.App. 2d Cir. 1959). However, the facts of this case do not support landowner liability.
Mobley sold certain timber to Jacobs at a set price. Her relationship with him continued only for as long as it took him to cut the timber from her land. She had no relationship to Jacobs other than as vendor of the timber. Under these circumstances Mobley's relationship with Jacobs was purely buyer-seller and Wilson was not her statutory employee. His demands against Mobley were properly rejected.
Penalties and Attorney's Fees
Wilson also seeks an award of penalties and attorney's fees.
Penalties and attorney's fees are allowable when the insurer's failure to pay is arbitrary, capricious or without probable cause. R.S. 22:658. See Wiley v. Southern Cas. Ins. Co., 380 So.2d 214 (La. App. 3d Cir.1980) (penalties and attorney's fees may not be allowed against an employer who is insured and the award must be made against the insurer alone). The failure to pay workers' compensation benefits does not expose the insurer to an award of penalties and attorney's fees when the refusal is based on substantial factual contentions. *1124 Saia v. Hartford Accident & Indemnity Company, 214 So.2d 173 (La.App. 4th Cir.1968).
Here there was a legitimate factual dispute as to whether Wilson was Allen Pulpwood's statutory employee. The insurer was not arbitrary or capricious in demanding a judicial determination of that question. An award of penalties and attorney's fees is not appropriate in this case.
Calculation of Benefits
The lack of evidence in the record renders it impossible to calculate Wilson's wages in accord with R.S. 23:1021(7). The testimony reveals that neither plaintiff nor Jacobs has any records from which the necessary evidence could be obtained.
The totality of the evidence indicates that Wilson's wages were low and that the benefit to which he is entitled probably does not greatly exceed the statutory minimum. As Wilson has not presented evidence to prove the amount of his earnings and as it appears a remand would be useless we fix Wilson's benefits at the minimum allowed under R.S. 23:1202, forty-five dollars per week.
The record shows that the plaintiff has incurred medical expenses in the amount of $35,011.35.[1] He is entitled to an award for this amount. R.S. 23:1203.
The judgment is reversed insofar as it rejects plaintiff's demands against Allen Pulpwood, Inc., and Southern Casualty Insurance Company, and judgment is granted in favor of the plaintiff, Freddie Lee Wilson, and against the defendants, Allen Pulpwood, Inc., and Southern Casualty Insurance Company, for medical expenses in the amount of $35,011.35 with legal interest from date due until paid, for workers' compensation benefits for total and permanent disability in the amount of $45.00 per week from August 19, 1980, with legal interest from date due until paid and for all costs of this proceeding.
AS AMENDED the judgment IS AFFIRMED.
NOTES
[1] We find the recoverable items of medical expenses to be:

 St. Francis Medical Center $11,560.90
 Anesthesiologist 420.00
 Neurologist 1,645.00
 Pathologist $ 143.25
 Radiologist 724.00
 E. A. Conway Hospital 3,292.86
 Jackson Parish Hospital 16,048.34
 Dr. A. E. McKiethen 1,177.00
 __________
 $35,011.35