RCANNELLA, Judge.
Defendant, Magnolia Marketing Company (Magnolia), appeals from the trial court judgment in favor of plaintiff, Bradley Collins (Collins), in this worker’s compensation action, finding that plaintiff was entitled to temporary total disability benefits, medical and transportation expenses, penalties and attorney fees. For the reasons which follow, we affirm.
Collins, employed by Magnolia as a truck driver, had worked there for 23 years prior to July 18, 1995, when he was injured in a single vehicle accident during the course and scope of his employment. Collins reported to work at his usual time on the day of the accident and received his route slip for the day. He began his route in the company truck which took him that date to Baton Rouge. On his way back from Baton Rouge, as he was crossing the Bonne Carre Spillway, the truck began accelerating and Collins could neither control the truck |gnor stop it. The truck spun around several times, striking the concrete railings on both sides of the overpass. Collins, eventually stopping the truck by turning off the ignition, was transported to the hospital. His immediate complaints involved his left hand which was severely injured, although he also complained of head, shoulder and neck pain. The following day Dr. Eric George, an orthopaedic surgeon, performed surgery on Collins’ hand. He was given a prescription for pain at that time. When he returned to Dr. George on July 27, 1995, he complained of back pain which the doctor transcribed as being in the “low back region which is radiating across the posterior lateral aspect of his thigh and extending into his big toe with numbness and tingling.” By November of 1995 and as a result of the accident, Collins was also diagnosed with Post Traumatic Stress Disorder.
Following the accident, Collins timely received Worker’s Compensation benefits. However, a dispute arose about his entitlement to benefits for a Magnetic Resonance Imaging (MRI). On April 2, 1997, Collins filed a Disputed Claim For Worker’s Compensation Benefits (Form 1008). On April 4, 1997, Magnolia terminated Collins’ benefits. Through amended petitions, Collins requested reinstatement of weekly benefits, penalties and attorney fees.
Magnolia then filed a Motion And Order To Dismiss With Prejudice to LSA-R.S. 23:1208 which was referred to the merits. Following a hearing on October 1,1997, judgment was rendered in favor of Collins. The worker’s compensation hearing officer ruled that Collins was entitled to temporary total disability benefits from the date of the accident, through the present and continuing. She also held that Collins was entitled to coverage for any medical bills, expenses and transportation related to injuries to his left hand, back and |4neck, as well as for psycho *700 logical treatment. She farther held that Magnolia had been arbitrary and capricious in their failure to pay benefits and was assessed a penalty of $2000 and attorney fees of $2000. Magnolia’s motion to dismiss was denied. It is from this judgment that Magnolia appeals.
On appeal, Magnolia assigns six errors. Magnolia’s main issues can be summarized into the argument that the hearing officer erred in finding that Collins’ present physical and mental problems are a result of the July 18, 1995 accident and entitle him to temporary total disability benefits.
The parties agree that Collins was employed by Magnolia and in the course and scope of his employment on July 18,1995, the date of the accident, when he suffered injuries from the accident. However, the parties disagree about the nature and extent of Collins’ disability. Collins contends that he remains totally disabled as a result of the accident. Magnolia contends that Collins has not shown that he is unable to engage in any employment. They also disagree about whether Magnolia was arbitrary and capricious in terminating Collins’ benefits. The hearing officer resolved these issues in favor of Collins. Magnolia contends that she committed manifest error.
It is well settled that, on appellate review of a factual determination, the reviewing court may not set aside the factfinder’s findings of fact in the absence of manifest error or unless they are clearly wrong. Also, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). The issue to be resolved by the reviewing 15court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State, Through DOTE, 617 So.2d 880 (La.1993). Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra.
When findings are based on determinations regarding the credibility of witnesses, the manifest error or clearly wrong standard demands great deference to the trier of fact’s findings. Only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Canter, supra at 724; Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825, 826 (La.1987); Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999, 1001 (La.1986); Johnson v. Insurance Co. of North America, 454 So.2d 1113, 1117 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247, 1249 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300, 301 (La.1979).
Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit the witness’s story, the appellate court may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. See, Wilson v. Jacobs, 438 So.2d 1119 (La.App. 2nd Cir.1983), writ denied, 443 So.2d 586 (La.1983).
In the instant case, the hearing officer quoted at length from various medical reports documenting her factual findings that Collins was a healthy productive employee for 23 years prior to the accident, that his physical and [mental problems commenced at the time of the accident and have continued to the present. We find no manifest error in those factual findings.
On July 19, 1995, the day after the accident, Coffins’ left hand was being treated by Dr. George and Collins was placed on pain medication. Within 10 days of the accident, Coffins reported to the orthopedist that he had discomfort in his low back region, radiating down his thigh all the way to his big toe. On August 2, 1995, Coffins was referred by Dr. R. Joseph Tamimie to Dr. Lawrence Glorioso, III, a radiologist, for x-rays of his *701 back. It was determined that the L4-L5 level was effected at that time. His activities were restricted as a result of the x-rays. Collins consulted Dr. Robert A. Steiner, an orthopaedic surgeon, on August 23, 1995, complaining of neck and back pain. He was diagnosed with lumbosacral strain and not released for truck driver work. On November 20, 1995, Collins was examined by Dr. Nona K. Epstein who noted the following:
I have been Bradley Collins’ primary care physician for a number of years. He is suffering from considerable post traumatic stress, related to his recent automobile accident, occurring while at work. Due to this stress, he has lost weight and is unable to drive. I strongly recommend that Mr. Collins be evaluated by a psychiatrist.
Collins was thereafter evaluated by Dr. Alesia M. Williams, a psychologist, on December 1, 1995. She too diagnosed him with Post Traumatic Stress Disorder and recommended that he be evaluated by a psychiatrist. On January 16,1996, Dr. Robert W. Davis, a psychiatrist, evaluated Collins and commenced treating him for, among other things, depression, anxiety, inability to function, flashbacks and nightmares related to the accident and Post Traumatic Stress Disorder. His diagnosis was Post Traumatic Stress Disorder secondary to Rthe motor vehicle accident. Collins was placed on several medications including Zoloft, Buspar, Lithium and Cytomel. In his report of April 15, 1997, Dr. Davis stated:
In my opinion Mr. Collins is totally and permanently disabled and is in need of supportive care in a medical environment. He continues to suffer from insomnia, lack of interest in pleasurable activities, fatigue, decreased psyehomotor slowing.
Collins also complained to Dr. Davis about pains in his back that went across his thigh and down his leg.
Collins was also examined by a defense psychiatrist, Dr. Herman Colomb, on March 6, 1996, who confirmed symptoms of Post Traumatic Stress Disorder. Dr. Colomb also noted the pressure and stress that Collins was under in caring for a sick wife. Dr. Colomb confirmed that Collins could not return to full time work.
Dr. Phillip Griffin, a defense psychologist, evaluated Collins on September 24, 1997. He stated that he did not think Collins was suffering from Post Traumatic Stress Disorder. Dr. Griffin refused to declare Collins disabled although he noted that Collins was depressed. He ultimately recommended that Collins’ psychiatrist treatment continue with emphasis on his phobic-like symptoms about driving and that he get “some serious vocations counseling....”
In December of 1996, when Collins was again examined concerning his back pain, it was diagnosed at the L4 region. Collins was referred to Dr. Paul F. Parks, an orthopae-dist. A Computerized Axial Tomography (CT) scan, performed in January of 1997, revealed a possible herniation between L4-L5, the same area originally effected as a result of the truck accident.
Based on the foregoing, we find no manifest error in the hearing officers’ factual findings that Collins’ disability, both physical and mental, resulted from the work related automobile accident and continues at this time. We find that the evidence of disability was clear and convincing.
Next, Magnolia argues that the hearing officer erred in finding that the termination of benefits was arbitrary and capricious and in awarding penalties and attorney fees of $2,000 each.
The hearing officer is afforded great discretion in deciding whether to award statutory penalties and attorney fees and her decision will not be disturbed absent a showing of abuse of discretion or that the decision is clearly wrong. Alientan v. Fruit of the Loom-Crawley, 96-1246 (La.App. 3rd Cir. 3/15/97), 692 So.2d 485; Balsamo v. Jones, 28,885 (La.App. 2nd Cir. 12/11/96), 685 So.2d 1140. The question of whether an employer’s refusal to pay worker’s compensation benefits warrants imposition of penalties and attorney fees is a factual question which will not be disturbed on appeal in absence of a *702 showing of manifest error. Kortz v. Colt Energy Services Inc., 97-159 (La.App. 5th Cir. 7/29/97), 698 So.2d 460. An employer can avoid being assessed penalties and attorney fees for failing to pay worker’s compensation benefits according to the statute by showing that it relied on competent medical evidence in deciding not to pay the benefits. Manuel v. River Parish Disposal Inc., 96-302 (La.App. 5th Cir. 10/1/96), 683 So.2d 791.
After reviewing the entire record in this case, we find no manifest error in the hearing officer’s factual finding that Magnolia’s refusal to pay for the MRI and termination of benefits was arbitrary and capricious and that penalties and attorney fees were therefore due. The record establishes that Collins’ physical and mental problems were well documented. Complaints concerning those | aproblems commenced shortly after the accident and have continued fairly consistently to the present. Magnolia’s own psychiatrist confirmed the diagnosis of Post Traumatic Stress Disorder. Also, the request for an MRI was reasonable under the circumstance to fully evaluate Collins’ ongoing back pain. Upon Collins’ filing of a disputed claim with the Office of Worker’s Compensation, Magnolia then terminated the payment of benefits. We do not find Magnolia’s reliance on competent medical evidence in support of their decision to terminate benefits evident from the record. Accordingly, we find no error in the award of penalties and attorney fees.
Finally, Magnolia argues that the hearing officer erred in denying Magnolia’s motion to dismiss Collins’ claim under La. R.S. 23:1208. More specifically, Magnolia argues that Collins gave untruthful answers to certain questions in his deposition concerning pre-accident injuries or treatment of mental stress, thus precluding his recovery of benefits.
Collins argues in brief that he did not willfully make a false or misleading statement to Magnolia. Magnolia had been made aware, prior to the deposition, that Collins was having memory loss problems and may not be factually correct at all times. Collins was also taking several different medications for his mental situation which can cause memory loss.
The hearing officer, in denying Magnolia’s motion to dismiss, obviously made a credibility call in favor of Collins. This finding is supported by the record. Dr. Griffen, Magnolia’s psychologist, even conceded that Collins did not appear to be lying or malingering. We find no error in the hearing officer ruling which denies the motion to dismiss.
Accordingly, for the reasons stated above, we affirm the judgment of the liphearing officer finding Coffins totally temporarily disabled and awarding penalties and attorney fees. We assess costs of appeal to Magnolia.
AFFIRMED.