741 So.2d 155 (1999)
Mickey HANCOCK, Plaintiff-Appellee,
v.
SAFEWAY INSURANCE COMPANY, Defendant-Appellant,
Gulfco Finance Company, Intervenor-Appellee.
No. 31,870-CA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
*156 Tracy L. Oakley, Ruston, Counsel for Appellant.
David P. Daye, Shreveport, Counsel for Appellee, Mickey Hancock.
William L. Hearne, Counsel for Appellee, Gulfco Finance Company.
Before WILLIAMS, STEWART and KOSTELKA, JJ.
WILLIAMS, Judge.
In this action for payment of a property damage claim resulting from a motor vehicle accident, the defendant, Safeway Insurance Company ("Safeway"), appeals a judgment in favor of the plaintiff, Mickey Hancock. The trial court found that the evidence did not establish that plaintiff intended to deceive the defendant. For the following reasons, we affirm.

FACTS
On September 5, 1995, Mickey Hancock was the owner of a 1991 Mercury automobile, which was damaged as a result of an accident while being driven by her boyfriend, Tony Gruner. The record indicates that Hancock and Gruner lived together "off and on" from April 1993 through October 1996. During that time, Gruner often worked out of town for lengthy periods, but stayed with Hancock when he returned to Shreveport. Gruner paid one-half of the rent and utilities and received mail at Hancock's residence.
Hancock's automobile was insured by a policy issued by Safeway Insurance Company. During the three years in which Hancock was insured by Safeway, she had notified her insurance agent, Lola Blakely, of occasional changes of address or vehicles, and of her separation from her husband, who was deleted from the policy. Each month, Hancock paid the policy premium and received a renewal certificate of insurance, which included the following pre-printed statement: "Named insured warrants there are no other drivers in the household other than those listed in the application or endorsement." Hancock did not notify her agent or Safeway that Gruner lived in her residence and sometimes drove her automobile.
*157 Following the accident, Hancock filed a claim for the damage to her vehicle. Safeway investigated the claim and concluded that Hancock had concealed the fact that Tony Gruner was a non-licensed driver, who was a member of her household and drove her vehicle. As a result, Safeway denied coverage, voided the policy based on Hancock's alleged misrepresentations and returned her premium payments.
Following the denial of her claim, the plaintiff, Mickey Hancock, filed a petition for damages against the defendant, Safeway, alleging that the insurer failed to pay her claim for property damage within 30 days of proof of loss as required by statute, and seeking penalties and attorney fees. Gulfco Finance Company intervened, asserting a claim to any proceeds awarded to plaintiff for vehicle damage, based on a judgment recognizing the intervenor's security interest in the automobile as $2,703.
After a trial, the district court concluded that plaintiff did not have an intent to deceive and rendered judgment in favor of the plaintiff in the amount of $4,256.99. This amount was reduced by the court's award of $2,703 to the intervenor. The trial court denied plaintiff's claim for penalties and attorney fees, finding that the evidence indicated plaintiff had violated her contractual and statutory duties. The defendant appeals the judgment. The plaintiff answered the appeal seeking penalties and attorney fees.

DISCUSSION
The defendant contends the trial court erred in finding that plaintiff did not have the intent to deceive the insurer. Defendant argues that the plaintiff's failure to report that Gruner lived with her and drove her vehicle is evidence of intentional deception.
An oral or written misrepresentation made in the negotiation of an insurance contract, by the insured or on her behalf, shall not be deemed material or void the contract, unless the misrepresentation is made with the intent to deceive. LSA-R.S. 22:619(A). In any application for insurance by the insured, the falsity of any statement therein shall not bar the right of recovery under the contract unless such false statement was made with the actual intent to deceive. LSA-R.S. 22:619(B).
An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). If the trial court's findings are reasonable when the record is reviewed in its entirety, then the appellate court will not reverse. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
Here, the evidence shows that at the time plaintiff completed her application for insurance coverage with the defendant, the information she provided was accurate. In its brief, defendant contends that the surrounding circumstances indicate plaintiff's intent to conceal Gruner's status as a non-licensed driver of her vehicle. Defendant argues that plaintiff knew she was required to notify the insurer that Gruner was a driver in her household, because she is literate and experienced with the purchase and renewal of insurance, including the need to inform defendant of changes of address or vehicles covered by the policy.
The plaintiff testified that she did not notice the certificate of insurance language stating that the insured warrants there are no other drivers in the household. The plaintiff stated that even if she had been aware of this language, she would not have acted differently, because she did not consider Gruner as a member of her "household," a term which she believed referred to a spouse or blood relative. In addition, plaintiff testified that Gruner did not drive her vehicles on a regular basis and that prior to the accident, she believed that he possessed a valid driver's license. The plaintiff stated that she was not asked by the insurance agent whether anyone else drove her vehicle or lived in her residence.
*158 The insurance agent, Blakely, testified that she was not informed by the plaintiff that Gruner was living in her household and driving her vehicle. Blakely could not remember whether she asked plaintiff if anyone else drove her vehicle.
The foregoing evidence does not establish an express misrepresentation by the plaintiff. After obtaining information for the initial application, the insurance agent apparently never inquired about the presence of other drivers in plaintiff's "household," a term which is not defined in the policy. Although the plaintiff purchased insurance for several vehicles over the years, there is no evidence that she possessed any particular knowledge of the defendant's definition of the word household, as used in the certificate of insurance.
The trial court heard the testimony and weighed the credibility of the witnesses. After reviewing the record, we cannot say the trial court was clearly wrong in finding that the defendant failed to prove that plaintiff possessed the actual intent to deceive when she neglected to report Gruner as a driver of her vehicle. Thus, the assignment of error lacks merit.

Statutory Penalties
The plaintiff answered the appeal contending the trial court erred in refusing her claim for penalties and attorney fees. LSA-R.S. 22:658 provides that all insurers shall pay the amount of an insured's claim within thirty days after receipt of satisfactory proof of loss. When the failure to make such payment is arbitrary, capricious or without probable cause, the insurer shall be subject to a penalty, in addition to the amount of the loss, together with reasonable attorney fees. LSA-R.S. 22:658(B).
An insurer owes an affirmative duty to adjust claims fairly and promptly. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach. LSA-R.S. 22:1220(A). In addition to any such damages, the claimant may be awarded penalties assessed against the insurer. LSA-R.S. 22:1220(C). An insurer's refusal to pay is not arbitrary or capricious where serious issues regarding the plaintiff's right to recovery are raised. Stewart v. Louisiana Farm Bureau Mutual Ins. Co., 420 So.2d 1217 (La.App. 3rd Cir.1982). To prevail on a claim for breach of duty, the insured must prove that the insurer knowingly committed actions which were completely unjustified, without reasonable or probable cause. Holt v. Aetna Casualty & Surety Co., 28,450 (La.Ap.2d Cir.9/3/96), 680 So.2d 117. Penal statutes are to be strictly construed. Therefore, sanctions should be employed only in those instances where the facts negate probable cause for nonpayment. Whether an insurer's actions warrant imposition of statutory penalties depends upon the facts of the case, and those known to the insurer. This is primarily a factual issue and the trial court's findings shall not be disturbed on appeal absent manifest error. Haynes v. Shumake, 582 So.2d 959 (La.App. 2d Cir.1991).
Here, the trial court found that defendant's refusal to pay the plaintiff's claim was not arbitrary, because defendant reasonably contended that the plaintiff had violated her contractual duties by not reporting that Gruner resided with her and drove her vehicle. In light of the factual situation of the present case, we cannot say the trial court was clearly wrong in finding that plaintiff failed to prove that defendant's actions were unjustified. Consequently, the trial court correctly refused to assess statutory penalties and attorney fees.
In her answer, the plaintiff also seeks an award of post-trial attorney fees generated in responding to this appeal. However, we have affirmed the trial court's denial of plaintiff's claim for attorney fees raised in her answer to this appeal. Consequently, the plaintiff is not entitled to an award of attorney fees for legal work related to this appeal.

*159 CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Safeway Insurance Company.
AFFIRMED.