J^SHORTESS, J.
On November 25, 1996, a pickup truck driven by Levy Clement left the roadway of Louisiana Highway 316 in Gray, Terre-bonne Parish, when Clement was blinded by the headlights of another vehicle. His wife, Barbara C. Clement (plaintiff), a passenger in the pickup, was seriously injured in the accident. She filed a tort suit against Clement’s employer, Dynasty Transportation, Inc., and its liability insurer, alleging the accident was caused by Clement’s negligence and denying that she was working at the time of the accident. She also filed this workers’ compensation suit against Dynasty and its workers’ compensation insurer, Legion Insurance Company (defendants), alleging she was in the course and scope of her employment when the accident occurred.
The district court found plaintiff was in the course and scope of her employment at the time of the accident and dismissed her tort suit on the ground that workers’ compensation was her sole remedy. We affirmed that decision in an opinion rendered this date.[1] The entire record of the district court trial was introduced at the trial of this case. Reviewing the same evidence as the district court,[2] the workers’ compen *383 sation court-reached a different conclusion, finding plaintiff was not in the course of her employment 'at the time of the accident and dismissing her workers’ compensation claim. Plaintiff appeals.
The facts and law on the issue of whether plaintiffs injury occurred in the course of and arose out of her employment are fully set forth in our opinion in the appeal of plaintiffs tort case. Based on our analysis of the facts and law, as set forth in that opinion, we find the workers’ compensation judge was clearly wrong in finding plaintiffs injuries were not compensable under the Louisiana Workers’ Compensation Act. We thus reverse the portion of the judgment dismissing plaintiffs suit.
Plaintiff sought penalties and attorney fees under Louisiana Revised Statutes 23:1201 and 1201.2, contending defendants acted arbitrarily and capriciously in discontinuing her workers’ compensation benefits. Defendants took that action after plaintiff filed the tort suit against Dynasty and plaintiff testified in a deposition that she believed she was not in the course of her employment at the time of the accident.
| oArbitrary and capricious behavior consists of willful and unreasoning action, without consideration and regard for facts and circumstances presented, or of seemingly unfounded motivation.[3] An insurer’s refusal to pay is not arbitrary or capricious where serious issues regarding the plaintiffs right to recovery are raised.[4] The workers’ compensation judge found that serious issues were involved herein and that defendants were not arbitrary and capricious. We agree and hereby affirm the portion of the judgment denying penalties and attorney fees.
The parties stipulated that plaintiff was totally disabled. The medical evidence is clear that plaintiffs disability is permanent. Defendants had no objection to the medical bills introduced by plaintiff at trial. Legion had paid almost $9,000.00 of plaintiffs medical bills at the time compensation payments were discontinued. Defendants did not dispute the necessity of treatment or the reasonableness of the charges.
Robert J. Landry, the claims examiner who handléd plaintiffs workers’ compensation claim, testified he calculated plaintiffs biweekly workers’ compensation payments to be $557.20, based on information furnished to him by Dynasty. Legion actually paid plaintiff at that rate from November 11, 1996, through June 1, 1997. However, there is no evidence in the record to support that figure.
Plaintiff testified she and Clement turned in waybills under his payroll number, even when she drove, and the Clements’ 1996 tax return shows she earned only $638.00 from Dynasty. Dynasty drivers are paid on a per-load basis, and only one driver is paid for the load. From May to September 1996, plaintiff worked with her husband and drove the two-ton truck, but only two waybills from that time period were turned in under her payroll number, accounting for the $638.00 shown on the tax return. Because their driving logs were admittedly inaccurate, it would be difficult, if not impossible, to calculate how much of the money earned during that time was hers. The purchase of the pickup in early September and the end of her actually driving the trucks generally coincided with the beginning of school, when she drove a school bus on a regular basis. There is no evidence of how often she rode with Clement in the pickup, other than the inaccurate logs. To calculate wages under Louisiana Revised Statute |423:1021(10)(d) *384 for unit, piecemeal, or commission wages, we need facts that are not in the record.
The second circuit was faced with a similar problem in Wilson v. Jacobs.[5] The court awarded the plaintiff the statutory minimum, stating:
The lack of evidence in the record renders it impossible to calculate [plaintiffs] wages in accord with R.S. 23:1021(7). The testimony reveals that neither plaintiff nor [defendant] has any records from which the necessary evidence could be obtained.
The totality of the evidence indicates that [plaintiffs] wages were low and that the benefit to which he is entitled probably does not greatly exceed the statutory minimum. As [plaintiff] has not presented evidence to prove the amount of his earnings and as it appears a remand would be useless!,] we fix [plaintiffs] benefits at the minimum allowed under R.S. 23:1202 ....
In this case, as in Wilson, the benefits are impossible to calculate based on the evidence in the record, and the testimony reveals that neither plaintiff nor Dynasty has records from which the necessary evidence could be obtained. Therefore, it appears a remand would be useless.
The evidence indicates plaintiffs wages were low since she was working on only a part-time basis. The statutory minimum is based on the average weekly wage of all employment subject to the Louisiana Employment Security Law, including the average weekly wages of part-time and full-time employees.[6] At the time of plaintiffs accident, that figure was $93.00 per week.[7] We believe that figure is appropriate to award plaintiff in this case.
Therefore, we render judgment in favor of plaintiff and against defendants, Dynasty Transportation, Inc., and Legion Insur-anee Company, awarding plaintiff weekly compensation payments of $93.00 from June 1, 1997, with legal interest thereon from the date each payment was due until paid,[8] as well as all unpaid medical expenses. Defendants are cast for all costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

. Clement v. Dynasty Transp., 98-2377 (La. App. 1st Cir. 12/28/99), 756 So.2d 377.

. In addition to introducing the transcript of the tort-suit trial, plaintiff and Clement testified briefly. Their testimony on the issue of whether plaintiff's claim arose from her employment and her injury occurred while in the *383 course of employment echoed their testimony in the first trial.

. Brown v. Texas-LA Cartage, 98-1063, pp. 8-9 (La.12/1/98), 721 So.2d 885, 890.

. Hancock v. Safeway Ins. Co., 31,870, p. 3 (La.App.2d Cir.6/16/99), 741 So.2d 155, 158.

. 438 So.2d 1119, 1124 (La.App. 2d Cir.), writs denied, 443 So.2d 586, 587 (La.1983).

. Breaux v. Hoffpauir, 95-2933, p. 7 (La.5/21/96), 674 So.2d 234, 238; see La. R.S. 23:1202.

. 22 La. Reg. 767 (1996).

. La. R.S. 23:1201.3(A).