|, STEWART, J.
The plaintiff, Leola Harris, appeals the finding of the trial court that there was insufficient evidence to establish that the defendant, Brookshires Grocery Stores (“Brookshires”), had breached any duty to the plaintiff in the exercise of reasonable care to keep its aisles free of any hazardous conditions under La. R.S. 9:2800.6(A). The trial court also found that there was insufficient evidence to establish that the defendant created the condition or had constructive notice of the condition which caused the damage, prior to the occurrence, as required by La. R.S. 9:2800.6(B)(2). For the reasons listed herein, we affirm.
The facts of this case are straightforward. On March 7, 1998, Ms. Leola Harris (“Harris”), her daughter Ruby Green (“Green”), and Jennifer Pennywell (“Pen-nywell”) entered the Super One grocery store located at 2640 Waggoner Street in Shreveport. The store is owned and operated by Brookshires. As the three women entered, they approached an aisle near the rear of the store. Green and Pennywell walked ahead of Harris. In addition to the three women on the aisle, Brookshires employee, Joseph Hampton, had also just walked on the aisle. As Harris walked down the aisle, she slipped and fell. After Harris fell, Hampton came to see about her. He observed a small spot of what appeared to be chili or dip on the floor. The substance was about the size of a quarter and appeared to be undisturbed. After checking on Harris, Hampton got a napkin from a nearby sampling table and cleaned up the spill. The sampling table had been used by June Shelton, a Brook-shires employee, in offering customers a small container of chips with about a tablespoon of chili dip on top. Harris stated that she was |2okay. After filling out an accident report, the three ladies continued shopping without incident or further complaint of pain.
DISCUSSION
An appellate court may not set aside a trial court’s finding of fact in the *939 absence of manifest error. Stobart v. State, through D.O.T.D., 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). The relevant question on appeal is not whether the trial court was right or wrong, but whether the factfin-der’s conclusion was a reasonable one. Stobart, supra. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel its own evaluations and inferences are as reasonable. Rosell, supra. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell, supra. If the trial court’s findings are reasonable when the record is reviewed in its entirety, then the appellate court will not reverse. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511; Hancock v. Safeway Insurance Co., 31,870 (La.App.2d Cir.6/16/99), 741 So.2d 155.
In this slip and fall case, the trial court found that Harris could not meet her burden of proof under La. R.S. 9:2800.6(A) or (B)(2) of showing that Brookshires had failed to keep its aisles free of any hazardous conditions or that Brookshires or its employees created the condition or had actual or constructive notice of the condition. La. R.S. 9:2800.6 reads in pertinent part:
hA. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
The Louisiana Supreme Court recently discussed a plaintiffs burden of proof under La. R.S. 9:2800.6(B)(2) in Babin v. Winn-Dixie La., Inc., 2000-0078, (La.6/30/00), 764 So.2d 37. There the court explained:
The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. That is clear and unambiguous. Constructive notice, at *940 issue here, is defined by Section (C)(1). The | ¿definition is likewise clear and unambiguous. There is a temporal element included: “such a period of time ...” The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
Babin, supra citing White v. Wal-Mart Stores, Inc. 97-0393 (La.9/9/97), 699 So.2d 37.
The trial court found that although Harris did fall, she did not meet her burden of proof of showing that her fall was caused by the failure of Brookshires to keeps its aisles free of hazardous conditions. In fact, the spot of chili that was on the floor was undisturbed, and an inspection of Harris’ clothes and shoes revealed no chili or other substance. Furthermore, there were inconsistencies in Harris’ version of the accident. For instance, Harris claimed to have hit her head on a nearby basket when she fell, but the only basket on the aisle was the one being pushed by Ruby Green who was several feet in front of Harris and did not witness the fall. At the time of the accident, Harris never complained of an injury to the head or any other part of her body. In fact, she told everyone that she was fine, and she continued shopping. Moreover, when Harris later went to the hospital, she never mentioned hitting her head to the doctors.
The trial court found that Harris’ failure to meet her burden of proof that the dangerous condition caused her fall also caused her to fail to establish that Brook-shires had actual or constructive notice of the condition which caused the damage. In fact, there was never a positive assertion that [fiany substance caused Harris’ fall. There was only the inference that she fell on the chili just because a spot of it was on the floor near where she fell. However, such an inference does not meet a plaintiffs burden of proof under La. R.S. 9:2800.6(A) or (B)(2).
CONCLUSION
Consequently, we find that the trial court was correct in finding that Harris failed to meet her burden of proof, and for the foregoing reasons affirm at appellant’s cost.
AFFIRMED.