KUHN, J.,
dissenting.
| ¶While correctly noting that on review this court is bound by the standard of review, the majority chooses then to overlook application of that standard to the facts presently before us, purportedly relying on the second circuit’s reversal of the trier of fact’s finding in a denial of a workers’ compensation claim. See Wilson v. Jacobs, 438 So.2d 1119, 1121 (La.App. 2d Cir.), writ denied, 443 So.2d 586 (La.1983). Nowhere in its result-driven opinion does the majority address the obvious error of its reliance: that workers’ compensation is to be liberally construed in favor of coverage. See Arretteig v. Our Lady of the Lake Hosp., Inc., 2013-1603 (La.App. 1st Cir.3/21/14), 142 So.3d 1048, 1051. In reversing the fact finder’s determination, the second circuit held that the trial court erroneously accepted testimony of a witness who had no personal knowledge and who had given totally inconsistent sworn testimony over the cogent and corroborated testimony of a witness who actually observed the accident. Wilson, 438 So.2d at 1122. That is in sharp contrast to the testimonial evidence given in this case that the majority chooses to discredit.
In finding Alexander and the City liable, the trial court determined that there was no justification for Batiste’s arrest. The trial court did not err in believing Batiste’s version of events over Alexander’s testimony. Alexander offered no documentary or objective evidence that contradicts Batiste’s version of events, nor |2is Batiste’s version internally inconsistent or so implausible on its face that the trial court’s decision to credit it constitutes error. While the testimony of two disinterested witnesses is inconsistent with Batiste’s account, the first disinterested witness, Arnold, did not observe what occurred outside the building, which is when Batiste testified he was punched in the face, his *201 chin was hit on the police car, his shirt was torn, he was cursed at, and he was threatened. The second disinterested witness, Doiron, was eighty to one hundred feet away from Batiste and Alexander when the incident occurred. The trial court’s inference that at that distance Doiron might not have witnessed a punch in Alexander’s struggle to handcuff Batiste is reasonable especially since Doiron testified that he was so far away that he could not hear what the men were saying. Based on Batiste’s testimony, the trial court concluded that Alexander did not have probable cause to arrest Batiste and that Batiste sustained injuries due to the unlawful arrest.
Even if the trial court erred in implicitly finding no probable cause existed for the arrest or that the arrest was not lawful, Batiste’s testimony supports a finding that Alexander used excessive force in effectuating the arrest. An officer “may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained.” La. C.Cr.P. art. 220. Even if an officer has probable cause to arrest, the use of excessive force in effecting the arrest becomes an actionable claim for damages. See Kyle v. City of New Orleans, 353 So.2d 969, 972 (La.1977). Excessive force transforms ordinarily protected use of force into an actionable battery, rendering the defendant officer and his employer liable for damages. Penn v. St. Tammany Parish Sheriff's Office, 2002-0893 (La.App. 1st Cir.4/2/03), 843 So.2d 1157, 1161. In Kyle, the supreme court set forth several factors to consider in making a determination of whether the force used by a police officer to effect an arrest was | ^reasonable under the circumstances. The factors include: (1) the known character of the arrestee; (2) the risks and dangers faced by the officer; (3) the nature of the offense or behavior involved; (4) the chance of escape if the particular means are not employed; (5) the existence of alternative methods of arrest or subduing the arrestee; (6) the physical size, strength, and weaponry of the officers as compared to that of the arrestee; and (7) the exigencies of the moment. Kyle, 353 So.2d at 973. Considering these factors, the trial court did not err in finding Alexander liable for Batiste’s injuries.
Even if convinced that had I been sitting as the trier of fact I would have weighed the evidence differently and would not have determined that there was a false arrest or excessive force in this case, this court is constrained by the manifest error standard of review, which demands that the fact finder’s findings of fact be given great deference and disturbed only when clearly wrong. See Stobart v. State, Dep’t of Trans, and Dev., 617 So.2d 880, 882 (La.1993). A reviewing court must always keep in mind that if the trial court’s findings are reasonable in light of the record reviewed in its entirety, it may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart, 617 So.2d at 882. The majority has simply substituted its preferred credibility determination for the one made by the trial court with which it does not agree. It is uniquely the trial court’s province to make factual findings and it is this court’s role to affirm those factual findings — even those implicit ones it does not like — if there is evidence to support them and the findings are reasonable in light of the record reviewed in its entirety. Unlike the testimony that the Wilson court rejected, Batiste’s testimony was based on personal knowledge and consistently recounted. Thus, on appellate review, the trial court’s liability conclusion is correctly affirmed.
*202 UBased on the contents of the record, I believe, however, that the trial court awarded an excessive amount of damages. There was no evidence to support an award of special damages. And to the extent that the trial court’s award of $30,000 was for general damages, it is an abuse of its discretion. See Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Batiste was punched in the face, his shirt was torn, and he had whelps on his chest. He did not see the doctor for his face or chest but used an ice pack, Tylenol, and Visine. Although he testified that he went to the doctor more often, he did not introduce any medical evidence or photographs to support his claims. Batiste stated that he had three weeks of pain and suffering. The trial court’s award of $30,000 is excessively abusive and I would modify it to conform to a reasonable award.
For these reasons, I dissent.